UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x

UNITED STATES OF AMERICA

   -v-                                                                         No. 06-CR-61 (LTS)

SERGIO MEDRANO,

        Defendant.

------------------------------------------------------x

## MEMORANDUM ORDER

The Court has received Defendant Sergio Medrano's motion for a reduction in sentence pursuant to 18 U.S.C. section 3582(c)(2). (Docket entry no. 123, the "Motion.") On October 15, 2008, upon pleading guilty, Mr. Medrano was convicted of one count of participating in a conspiracy to distribute and possess with the intent to distribute five kilograms and more of mixtures and substances containing a detectable amount of cocaine, in violation of 21 U.S.C. sections 812, 841(a)(1), and 841(b)(1)(A). (Docket entry no. 50.) On December 15, 2011, the Court sentenced him principally to a 262-month term of imprisonment—a 30-month variance downward from the applicable sentencing guidelines range of 292 to 365 months—to be followed by a five-year supervised release term. (Docket entry no. 76.) Mr. Medrano is currently scheduled to be released from BOP custody on September 8, 2024. BOP, Find an inmate, https://www.bop.gov/inmateloc/ (last visited May 10, 2021).

The Court has reviewed the parties' submissions carefully, and, for the following reasons, Mr. Medrano's Motion is granted and the custodial term of his sentence is reduced from 262 months to 235 months.

Mr. Medrano seeks a reduction in his sentence pursuant to 18 U.S.C. section 3582(c)(2), which permits a court to reduce a defendant's term of imprisonment "when a

defendant has been sentenced to a term of imprisonment based on a sentencing range that is subsequently lowered by the Sentencing Commission," though "only after considering the factors set forth in Section 3553(a) of Title 18 [ ] and upon a finding that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  United States v. Vargas, 74 F. Supp. 3d 601, 603 (S.D.N.Y. 2015); accord Hughes v. United States, 138 S. Ct. 1765, 1773 (2018) ("If an amendment applies retroactively, the Act authorizes district courts to reduce the sentences of prisoners who were sentenced based on a Guidelines range that would have been lower had the amendment been in place when they were sentenced."); see also U.S.S.G. § 1B1.10 (policy statement concerning reductions in terms of imprisonment as a result of amended guidelines ranges).[1]

In this case, the parties and the Court's Probation Office agree that Mr. Medrano satisfies the threshold eligibility requirement for a sentence reduction by virtue of the Sentencing Commission's adoption of Amendment 782, which modified U.S.S.G. section 2D1.1 "to lower the Sentencing Guidelines' sentencing range for certain categories of drug-related offenses," and Amendment 788, which "authorized retroactive application of Amendment 782 to those sentenced before its effective date [in 2014]."  Vargas, 74 F. Supp. 3d at 602.  See Motion at 2-5;

---

[1] The sentencing factors set forth in 18 U.S.C. section 3553(a) are: "(1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed—(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range . . . ; (5) any pertinent policy statement [issued by the Sentencing Commission in effect on the date the defendant is sentenced]; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense."  18 U.S.C.A. § 3553(a) (Westlaw through P.L. 117-11).

docket entry no. 128 ("Opp.") at 1, 15-16; docket entry no. 134 ("Reply") at 6.) As applied here, had Amendment 782 been in effect at the time of Mr. Medrano's sentencing, his total offense level would have been 38, and the sentencing guidelines range for his sentence would have been 235 to 293 months, instead of 292 to 365 months, of imprisonment. The Court may therefore reduce Mr. Medrano's sentence to any length between 235 and 261 months, after considering the section 3553(a) factors, if it finds that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.[2]

The Court has considered the applicable 3553(a) factors and concludes that a reduction in Mr. Medrano's sentence to 235 months of imprisonment is appropriate and consistent with applicable policy statements issued by the Sentencing Commission. As the Government concedes, a number of factors weigh in favor of such a reduction: Mr. Medrano "has had no disciplinary problems [during his fifteen years] in prison; he had no criminal history; [he] was not involved in violence as part of his criminal activity; and there is an ICE detainer and it is highly likely that [he] will ultimately be deported to Mexico" upon his release from custody. (Opp. at 16.) Several of Mr. Medrano's family members write persuasively in support of his Motion; his uncle details that Mr. Medrano has, since entering custody, "matured and realized

---

[2] In his pro se Motion, Mr. Medrano seeks a reduction of his custodial sentence to 205 months, which is 30 months below the bottom of the amended sentencing guidelines range, because his original custodial sentence of 262 months was 30 months below the bottom of the original sentencing guidelines range. (Motion at 6.) As the Government correctly notes (Opp. at 15-16), U.S.S.G. section 1B1.10(b)(2) "generally prohibits courts from reducing a 'defendant's term of imprisonment under [§ 3582(c)(2)] to a term that is less than the minimum of the amended guideline range,'" and "[t]he sole exception to this rule applies to defendants who originally received a downward departure as a result of providing substantial assistance to the Government." United States v. Erskine, 717 F.3d 131, 134 (2d Cir. 2013) (quoting U.S.S.G. § 1B1.10(b)(2)(B)). Mr. Medrano's is not such a case, and this Court is therefore without authority to reduce Mr. Medrano's term of imprisonment, under section 3582(c)(2), below 235 months.

that the decisions he made in the past affected more than just him," and that Mr. Medrano has "become a better person" during those years. (Reply Ex. 1.) Furthermore, at least one of Mr. Medrano's co-conspirators with a similar record who was found guilty of similar conduct—who was originally sentenced to an identical 262-month term of imprisonment as Mr. Medrano—has prevailed on his own motion for a sentence reduction under section 3582(c), and his sentence was reduced to a custodial term of 210 months, well below the bottom of the amended guidelines range applicable to Mr. Medrano. (Reply at 8; see also Order, United States v. Moreno, No. 04-CR-602 (DLC) (S.D.N.Y. Dec. 4, 2015).) Each of these factors weigh in favor of reducing Mr. Medrano's sentence.

The Government opposes Mr. Medrano's request for a sentence reduction principally on the grounds that (1) Judge Holwell erred in lowering Mr. Medrano's offense level by two points based on Mr. Medrano's acceptance of responsibility, and in holding Mr. Medrano responsible for distributing less than 150 kilograms of cocaine, and (2) Mr. Medrano has been persistently untruthful in his statements and affidavits to the Court, both before his sentencing and in connection with his appeal and collateral attack on his sentence. (See Opp. at 15-18.) Neither ground warrants denial of Mr. Medrano's Motion. First, section 3582(c)(2) is not a vehicle for relitigating decade-old sentencing disputes. United States v. Khan, 795 F. App'x 24, 27 (2d Cir. 2019); United States v. Mock, 612 F.3d 133, 137 (2d Cir. 2010). Judge Holwell's determinations concerning Mr. Medrano's acceptance of responsibility and the quantity of cocaine for which he should be held responsible at sentencing were informed by an extensive record, including a two-day Fatico hearing and a two-day sentencing hearing (Opp. at 2 n.3, 5, 8); the Court declines to reconsider those determinations ten years later. Second, while Mr. Medrano's history of untruthfulness is disturbing, it was considered by Judge Holwell at

sentencing (see Opp. at 8-10), and does not, without more, outweigh the several factors discussed above in favor of a reduction in Mr. Medrano's sentence.

For the reasons set forth above, Mr. Medrano's motion for a reduction in sentence pursuant to 18 U.S.C. section 3582(c)(2) is granted. An Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) will also be entered. Chambers will mail copies of this Memorandum Order and the Order Regarding Motion for Sentence Reduction to Mr. Medrano.

Docket entry no. 123 is resolved.

SO ORDERED.

Dated: New York, New York
May 10, 2021

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

**Copies mailed to:**

Sergio Medrano
Reg. No. 18453-424
FCI Pollock
Federal Correctional Institution
P.O. Box 4050
Pollock, LA 71467